UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-60448-CIV-SINGHAL

FACTOR FLORES, SILVESTRE,

      Petitioner,

v.

FIELD OFFICER DIRECTOR, U.S. Immigration
And Customs Enforcement,

      Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on Petitioner Silvestre Factor Flores' Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (the "**Petition**"). (DE [1]). Twenty-eight years ago, Petitioner "entered the United States without inspection or parole" and has remained here since. (DE [1] at 1). On January 6, 2026, the government detained Petitioner and placed him in removal proceedings pursuant to 28 U.S.C. Section 1225(b). (DE [1] at 2–3). The government has refused to release Petitioner on bond or parole and continues to detain him. *See* (DE [1] at 4). Petitioner argues this violates the Fifth Amendment's Due Process Clause because **(1)** he is deprived of liberty while "the risk of erroneous deprivation [of liberty] absent a hearing is high, absent additional safeguards," and **(2)** his detention is excessive insofar as it is "jail-like" and is arbitrary because the government could ensure his appearance and the community's safety with "less restrictive alternatives" to mandatory detention. *See* (DE [1] at 4–6). Additionally, Petitioner argues that the government erroneously interprets section 1225(b) as

authorizing mandatory detention without bond.[1]  *See* (DE [1] at 5–6).  For the reasons stated below, the Petition is **DENIED**.

Section 2243 authorizes courts to deny legally insufficient petitions for habeas corpus without ordering responsive briefing. *See* 28 U.S.C. § 2243 ("A court . . . entertaining an application for a writ of habeas corpus shall forthwith award the writ or . . . direct[] the respondent to show cause why the writ should not be granted, ***unless*** it appears from the application that the applicant . . . is not entitled thereto."); *see also Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face . . . ." (quoting *McFarland v. Scott*, 512 U.S. 849, 856 (1994))).

This Court must reject all of Petitioner's arguments.  As a threshold matter, "[i]t is axiomatic that a party 'waives their claims by failing to brief them.'"  *Brown v. Ramsay*, 785 F. Supp. 3d 1214, 1229 (S.D. Fla. 2025) (quoting *A.L. v. Jackson Cnty. Sch. Bd.*, 635 Fed. App'x 774, 787 (11th Cir. 2015)).  Petitioner cites no authority for any argument, except an incomplete citation of a single case[2] in support of his procedural due process argument.  *See generally* (DE [1]).  Thus, Petitioner's arguments do not require further discussion.  Nevertheless, the Court considers them below.

To the extent Petitioner argues he is either not subject to section 1225(b) or that same does not provide for bondless detention, Petitioner is incorrect. As this Court

---

[1] Petitioner's statutory argument is somewhat unclear.  It appears that Petitioner utilized a form petition that included placeholders to challenge the government's interpretation of INA sections 235(b), 236(a), and 236(c), depending on which section the government invokes.  *See* (DE [1] at 5).  Because Petitioner asserts "on information and belief" that the government detains him under section 235(b), *see* (DE [1] at 2), the Court considers only that statute.

[2] Petitioner mentions "Mathews v. Eldridge" without reporter citation, discussion of the case, or meaningful explanation of how it applies to Petitioner.  *See* (DE [1] at 4–5).  The Court is aware, however, that the Mathews rationale has been applied in the immigration context to suggest that detaining an immigrant for longer than six months raises serious due process concerns. *Black v. Decker*, 103 F.4th 133, 149 (2nd Cir. 2024). That time frame is not being approached here.

recently held, aliens present in the United States without admission are "applicants for admission" and therefore subject to section 1225 regardless of when they physically entered the United States. *See Morales v. Noem*, 2026 WL 236307 (S.D. Fla. Jan 29, 2026) (Singhal, J.); *Arroyo v. Diaz*, 2026 WL 279656 (S.D. Fla. Feb. 2, 2026) (Singhal, J.); *see also Buenrostro-Mendez v. Bondi*, --- F.4th ---, 2026 WL 323330, at *4–9 (11th Cir. Feb. 6, 2026) (holding an alien's "[p]resence without admission deems [him an] . . . applicant[] for admission."). Moreover, because section 1225(b)—unlike section 1226(a)—does not authorize bond, Petitioner is not entitled to bond consideration. *Compare* 8 U.S.C. § 1225(b) *with* 8 U.S.C. § 1226(a); *see also Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018) ("[N]either § 1225(b)(1) nor § 1225(b)(2) say[] anything whatsoever about bond hearings.").

Concerning due process, while "'the Fifth Amendment entitles aliens to due process of law in deportation proceedings,' . . . detention during deportation proceedings [is] a constitutionally valid aspect of the deportation process." *Demore v. Kim*, 538 U.S. 510, 523 (2003) (quoting *Reno v. Flores*, 507 U.S. 292, 306 (1993)). Additionally, "when the Government deals with deportable aliens, the Due Process Clause does not require it to employ the least burdensome means to accomplish its goal." *Id.* at 528.

While not on all fours, *Demore* is instructive. There, the Court held that the government may mandatorily detain criminal aliens pending removal in order to combat flight risk. *Id.* at 527–28 (rejecting argument that due process required individualized bond hearings for criminal aliens to assess flight risk). Moreover, it explained that because detention pending removal has an "obvious termination point," temporary detention pending removal proceedings does not offend due process. *Id.* at 529. While *Demore* was decided in the criminal context, nothing therein suggests that temporary

detention of non-criminal aliens pending removal proceedings violates due process. If anything, it suggests the opposite. *See id.* at 530 ("We think it clear that detention, or temporary confinement, as part of the means necessary to give effect to the provisions for the exclusion or expulsion of aliens would be valid" (quoting *Wing Wong v. United States*, 163 U.S. 228, 235 (1896)). The Court has discovered no binding precedent holding that detainees subject to section 1225's mandatory removal scheme—such as Petitioner—must be afforded bond hearings.

Finally, Petitioner's presumed citation to *Mathews v. Eldridge*, 424 U.S. 319 (1976), does not change this analysis. That case addressed whether the Fifth Amendment required an evidentiary hearing before the government could terminate a social security benefit. *Id.* at 323. In answering that question, the Court explained that

> due process generally requires consideration of three distinct factors: First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Id.* at 335 (citing *Goldberg v. Kelly*, 397 U.S. 254, 263–71 (1970)).

But here, Petitioner does not assert that the government has ***erroneously*** deprived him of liberty by, for example, erroneously detaining him instead of a different alien. Indeed, Petitioner admits that he entered the United States without admission or parole before being detained by ICE. (DE [1] at 1, 3). Since Petitioner identifies no risk of erroneous deprivation of liberty caused by his bond denial, *Mathews* is inapposite. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that the Petition is **DENIED**.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 20th day of February 2026.

Copies furnished counsel via CM/ECF

RAAG SINGHAL
UNITED STATES DISTRICT JUDGE